UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DENNIS FLAHERTY,<br>     *Plaintiff*<br><br>     vs.<br><br>BIG RED, INC., NORTH AMERICAN<br>BEVERAGES, LLC, and DOES 1-5.<br>     *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO.: 1:15-cv-00566<br><br><br>DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT

Plaintiff Dennis Flaherty ("Plaintiff"), by and through its undersigned attorney, for its complaint against Defendants, alleges as follows:

### A. PARTIES

1. Plaintiff Dennis Flaherty, a natural person residing in the State of California, owns and operates a photograph business named Dennis Flaherty Photography, organized under the laws of the State of California, with its principal place of business in California, and owns intellectual property for numerous photographic images, including the image at issue in this lawsuit.

2. Plaintiff operates his business to promote his creative endeavors, and Plaintiff's livelihood is based on his ability to receive revenue as a result of his creative endeavors. Plaintiff creates unique, original, and insightful photographs. Plaintiff is award-winning, and is recognized in competitions, professional groups, and media organizations the world over.

3. On information and belief, Defendant North American Beverages, LLC ("NAB") is a Texas organized entity with a principal place of business at 6500 River Place Blvd., Austin,

TX 78730.  Defendant NAB may be served through its registered agent, Big Red, Inc., at 6500 River Place Blvd., Bldg. 1, Austin, TX 78730.

4. On information and belief, Defendant Big Red, Inc. ("Big Red") is a Texas organized entity with a principal place of business at 6500 River Place Blvd., Austin, TX 78730. Defendant Big Red may be served through its registered agent, James D. Bradley, at 6500 River Place Blvd., Bldg. 1, Austin, TX 78730.

5. On information and belief, Defendant Big Red owns 100% of Defendant NAB.

6. Plaintiff does not know the true names of Defendants Does 1 through 5, inclusive, and therefore sue them by those fictitious names.  Plaintiff is informed and believes and, on the basis of that information and belief, alleges that each of those Does 1 through 5 was in some manner liable for Plaintiff's claims and proximately caused Plaintiff's damages complained of here.

7. On information and belief, one or more of Does 1-5 are the agent, affiliate, officer, director, manager, principal, partner, joint venture, alter ego, hired contractor, and/or employee of Defendants NAB and Big Red.

8. On information and belief, one or more Defendants are the registrants, owners, operators, and/or end users of the websites, blogs, domains, and/or social media accounts related thereto (or "Websites"), namely:

https://twitter.com/drinkbigred;

https://www.facebook.com/BigRed;

9. On information and belief, a file, such as an image or photograph, is not copied to, reproduced, and/or displayed publicly on the Defendants Websites unless or until someone

with access or control of the Websites uploads, posts, shares, "tweets", "pins", etc. an image thereto.

## B. JURISDICTION AND VENUE

10. This action arises under the Federal Copyright Act of 1976, as amended, at 17 U.S.C. § 101, *et seq.* for direct and/or indirect copyright infringement. Plaintiff seeks damages against Defendants, jointly and severally, pursuant to the same. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338 for claims arising under the laws of the United States, and acts of Congress relating to copyrights.

11. This Court has personal jurisdiction over Defendants. On information and belief, Defendants have conducted tortious acts of infringement in the District, conducted acts directed at the District, and/or transacted or does business in the District. Defendants are "at home" within the District, as its principal place of business is within the District.

12. Venue is proper in this Court Pursuant to 28 USC § 1400(a) because this is a proceeding arising under an Act of Congress relating to copyrights and is instituted in the district in which one or more Defendants or its agent resides or may be found.

## C. NATURE OF THE ACTION

13. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

14. This is a civil action arising under the laws of the United States, namely under 17 USC § 501, *et seq.* for direct and/or vicarious copyright infringement. Plaintiff seeks damages against Defendants, jointly and severally, pursuant to the same.

15.     This is a civil action on behalf of Plaintiff, the creator, photographer, and copyright owner of the copyright(s) for the original image entitled, "TX350102-72" (depicting The Alamo, and referred to herein as the "Photograph"), which is the subject matter of this Complaint against Defendants, its employees and agents, subsidiaries, parent companies, affiliates and/or holding companies.

16.     Plaintiff is, and at all relevant times has been, the copyright owner and licensor of exclusive rights under United States copyright law with respect to certain copyrighted material, including but not limited to the copyrighted Photograph, a copy of which is identified in Exhibit 1 attached hereto (including a snapshot of the Photograph as contained within the certified deposit), which is the subject of a valid Certificate of Registration VA 1-775-800 ("Certificate"), issued by the Register of Copyrights.  *See* Exhibit 1.

17.     The Photograph is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of the machine or a device, and is original, distinctive, and unique in perspective, orientation, positioning, and lighting.  As such, the Photograph is subject matter protectable under the Copyright Act.

18.     Plaintiff satisfied statutory formalities under Title 17, and obtained a Certificate for the Photograph (and others deposited therewith) having an effective date of June 9, 2011.  A true and correct copy of the Certificate is attached hereto as Exhibit 3.

19.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Photograph in copies, and to display the Photograph publicly, such as on a publicly accessible and otherwise viewable website, as well as the right of exclusive licensor of the same.

20. Access is provided to the Photograph by way of Plaintiff's website, www.dennisflaherty.com, including at the following image URL:

http://www.dennisflaherty.com/ImageFolio4_files/gallery/TEXAS/TX350102.jpg

21. On information and belief, Defendants, without authorization or permission, used the Photograph on the Websites. Defendants' initial use of the Photograph was at some point after the effective date of the Registration.

22. The photograph as used by Defendants on the Websites is strikingly or substantially similar to, or a near perfect (if not exact) copy of, Plaintiffs' Photograph, and its protected original constituent elements.

23. A watermark or logo of "BIG RED" (plus a design element) (the "Mark") was placed onto the Photograph used on the Websites.

24. The discernible watermark is a Mark used in commerce by the Defendants (*see, e.g.,* US Trademark Registration No. 1,628,539). Recorded documents indicate Defendant NAB is the current owner of the Mark. *See* Exhibit 4. Thus, "BIG RED" is used by Defendants to indicate a source of origin, namely goods sold by Defendants, in the marketplace. The Mark is of significant commercial importance to Defendants, as Defendants have enforced rights related to the Mark in one or more trademark infringement matters. *See* Exhibit 5.

25. On or about March 2015, Plaintiff discovered Defendants use of the Photograph on the Websites, including as identified herein. At no time, neither did Defendants, nor their agents, have a license or other authorization for the use.

26. On information and belief, Defendants unauthorized use of the Photograph, including reproduction, public display, and use constitutes an infringement of Plaintiff's copyrights and exclusive rights.

27. On information and belief, one or more Defendants has the right and ability to control the content displayed or otherwise found on the Websites (and servers or other tangible mediums related to the same).

28. Attached hereto as <u>Exhibit 2</u> is a true and correct copy or screenshots of the Photograph as it was reproduced and displayed publicly on the Defendant's Websites, and as viewable via standard web browser.

29. Defendants are believed to have intentionally and willfully used, displayed publicly, reproduced, and/or otherwise exploited the Photograph without obtaining permission from Plaintiff.

30. On information and belief, Defendants are sophisticated, have knowledge of copyright laws, and have routine access to legal counsel. Defendants exactly copied some or all of the Photograph.

31. Plaintiff was unsuccessful in its reasonable pre-litigation settlement attempts to resolve this matter, thus necessitating this lawsuit.

32. Plaintiff now seeks to recover for damages and costs under the causes of action set forth below.

### D. COUNT ONE – DIRECT COPYRIGHT INFRINGEMENT

(Copyright Infringement by Defendants– 17 U.S.C. §§ 101 *et seq.*)

33. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

34. Plaintiff holds a valid and registered copyright to the Photograph subject to this action.

35. By a volitional act of uploading, posting, "tweeting", "pinning", etc., Defendant(s) copied, reproduced, and/or displayed publicly on its Websites the Photograph without the Plaintiff's permission.

36. Defendant(s) directly infringed on Plaintiff's copyright and exclusive rights, in and relating to the Photograph under copyright law by using, displaying publicly, and/or reproducing the Photograph, without Plaintiff's authorization, consent, or permission, all in violation of Copyright Act, 17 U.S.C. §§ 106, 115, and 501.

37. As a direct and proximate result of Defendants' copyright infringement, Plaintiff has suffered injuries and damages, and is entitled to its actual damages and Defendants' gross revenue or profits, direct or indirect, derived by Defendants that are attributable to Defendants' direct infringement of the Image, pursuant to 17 U.S.C. § 504(b).

38. Alternatively, Plaintiff may elect to be awarded, and, therefore is entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to each work infringed and each act of infringement.

39. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

40. The foregoing acts of infringement by Defendants are believed willful, intentional, and purposeful. The Infringement by Defendants is willful and performed with knowledge that the reproduction of copies, public display, etc. of the Photograph was unauthorized; Conduct is willful if Defendants knew their conduct constituted an infringement of copyright *or* if Defendants acted in **reckless disregard** of copyrights. *See Phillip Morris USA Inc. v. Lee*, 547 F.Supp.2d 685, 693 (W.D.Tex.2008) (noting that "courts within the Fifth Circuit[ ] have found willful conduct where a defendant acts with 'reckless disregard'").

Plaintiffs are therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

### E. COUNT TWO – VICARIOUS COPYRIGHT INFRINGEMENT

(Vicarious Copyright Infringement of Defendants)

41. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

42. On information and belief, Defendants vicariously infringed Plaintiff's copyrighted material.

43. Vicarious infringement of Plaintiff's right in and to the Photograph occurred because Defendants have or had a right and ability to supervise the infringing act, and received a benefit or a direct financial interest therefrom.

44. On information and belief, Defendants create, monitor, control, and/or edit the Websites, or have supervisory authority related to the same.

45. On information and belief, Defendants caused to be reproduced or publicly displayed the Photograph on the Websites identified herein without Plaintiff's authorization.

46. On information and belief, Defendants received a direct financial benefit as a result of the infringing activity. A financial benefit occurred at least because the Photograph acted as a "draw" for customers, third parties, internet users, followers, etc. in regard to Defendants business activities. The Photograph also conveys a meaning and a direct relationship of where the Defendants business is located – in this case, Texas. The Photograph is also associated with metadata that results in improved or specified internet search results favorable to

Defendants. The Photograph was used in a commercial manner to associate the subject matter of the Photograph with the goods and Mark of Defendants (*i.e.*, BIG RED soda).

47. On information and belief, one or more of the Defendants is the Owner/end-user of the Websites, and has the ability to control the content and activity thereon.

48. Defendant's conduct constitutes vicarious infringement of Plaintiff's copyright and Plaintiff's exclusive rights under the copyright in violation of 17 U.S.C. §§ 106 and 501.

49. As a direct and proximate result of Defendants' vicarious infringement, Plaintiff has suffered injuries and damages and are entitled to its actual damages and Defendants' gross revenue or profits, direct or indirect, derived by Defendants that are attributable to Defendants' direct infringement of the Image, pursuant to 17 U.S.C. § 504(b).

50. Alternatively, Plaintiff may elect to be awarded, and, therefore is entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to each work infringed and each act of infringement.

51. Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### F. COUNT THREE – CONTRIBUTORY COPYRIGHT INFRINGEMENT

(Contributory Copyright Infringement of Defendants)

52. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

53. Defendants, without the authority of Plaintiff or the law and in violation of 17 U.S.C. § 101, *et. seq.*, infringed contributorily by intentionally inducing, encouraging, causing, and materially contributing to the direct infringement of the Photograph by others by distributing

the Photograph to third parties for their reproduction, display, and distribution without the authorization of Plaintiff or the law.

54. Defendants are contributorily liable because they knew of or *should have known* of their possession of infringing material and failed to purge such material from their possession.

55. Defendants infringed contributorily by knowingly taking steps that were substantially certain to result in the infringement of the Photograph.

56. Defendants intentionally uploaded, pinned, shared, reproduced, copied, distributed etc. the Work to various third parties ("Shared Work"), or their computer servers, including the server(s) of Twitter Inc. ("Twitter") and Facebook, Inc. ("Facebook"), or their end users.

57. Defendants intentionally, but without permission, stood in the shoes of the Plaintiff and licensed the image to Twitter (Twitter Terms of Service https://twitter.com/tos?lang=en):

> "By submitting, posting or displaying Content on or through the Services, you grant us a worldwide, non-exclusive, royalty-free license (with the right to sublicense) to use, copy, reproduce, process, adapt, modify, publish, transmit, display and distribute such Content in any and all media or distribution methods (now known or later developed).
> Tip: This license is you authorizing us to make your Tweets on the Twitter Services available to the rest of the world and to let others do the same."

58. On information and belief, the Shared Work has been "re-tweeted", "shared", etc. by at least one third party resulting in direct infringement by that third party.

59. As a direct and proximate result of the Defendants contributory infringement, Plaintiff has suffered injuries and damages and is entitled to its actual damages and Defendants' gross revenue or profits, direct or indirect, derived by Defendants that are attributable to Defendants' direct infringement of the Photograph, pursuant to 17 U.S.C. § 504(b).

60.     Alternatively, Plaintiff may elect to be awarded, and, therefore is entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to one or more Photograph infringed and each act of infringement thereof.

61.     Plaintiff is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### G. JURY DEMAND

62.     Plaintiff demands a jury trial and tender the appropriate fee with this Original Complaint.  Plaintiff respectfully requests that when the case proceeds to trial, it be placed on the Court's jury trial docket.

### H. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays to the Court for a judgment against Defendants as follows:

a. On ALL COUNTS, awarding Plaintiff actual and compensatory damages suffered as a result of Defendants' unlawful and infringing conduct, in addition to any and all gross revenue or profits derived by Defendants that are attributable to Defendants' infringement of the Photograph, in an amount to be determined at trial;

b. On ALL COUNTS, awarding Plaintiff, at its election and to the extent permitted by law, the maximum amount of statutory damages against Defendants for each work infringed and for each act of the infringement;

c. On ALL COUNTS, awarding Plaintiff's prejudgment interest in an amount to be determined at trial;

d. On ALL COUNTS, awarding Plaintiff's costs, including reasonable attorneys' fees and expenses relating to this action, pursuant to 17 U.S.C. §505;

e. On ALL COUNTS, awarding such other and further relief to which Plaintiff's may show itself entitled as this Honorable Court deems just and proper;

f. Order that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.; and

g. Enter a permanent injunction enjoining Defendants from engaging in any further acts of copyright infringement of Plaintiff's Photograph.

Respectfully Submitted,

_____s/ John M. DeBoer_____

John M. DeBoer
TX State Bar No. 24069590
2211 Rayford Rd., #111-116
Spring, Texas 77386
Ph: (832) 510-4332
Fax: (888) 829-5994
Email: john@deboerip.com

**ATTORNEY FOR PLAINTIFF**